IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANNY LYNN WARE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0126 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**
**FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

Petitioner DANNY LYNN WARE, a state prisoner currently confined in the Ellis Unit in Walker County, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is currently confined pursuant to a September 12, 2013, conviction out of Potter County, Texas for the offense of aggravated assault with a deadly weapon, and the 10-year sentence assessed in that case. On June 12, 2014, this Court filed an Order to Show Cause as to why the petition should not dismissed for failure to exhaust state court remedies. On June 25, 2014, petitioner filed a response arguing his failure to exhaust should be excused because the Amarillo Court of Appeals failed to timely file a mandate.

EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Consequently, the provisions of the AEDPA apply to this case.  As relevant here, the AEDPA provides:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i)    there is an absence of available State corrective process; or
>
>     (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the highest state court each constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir. 1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

As petitioner admits in his response to the order to show cause, his claims have not been fairly presented to the highest state court. Instead, petitioner contends his failure to exhaust should be excused because the Seventh Court of Appeals failed to timely issue a mandate finalizing his conviction. Even if petitioner is correct that the intermediate appellate court made a mistake by not issuing a mandate in a timely manner, such does not excuse petitioner's failure to exhaust his claims. Rather than filing his claims federally, the correct course of action for petitioner would be to properly exhaust his available state court remedies.

It is the opinion of the undersigned that petitioner has not exhausted his state court remedies. Accordingly, as the record now exists, it is the opinion of the Magistrate Judge that the petition

should be dismissed for failure to exhaust the remedies available in the courts of the State. *See* 28 U.S.C. § 2254(b), (c).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner DANNY LYNN WARE be DISMISSED for failure to exhaust.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___30th___ day of June 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).